# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

STRONG MEMORIAL HOSPITAL, A DIVISION OF
THE UNIVERSITY OF ROCHESTER
601 Elmwood Avenue
Rochester, NY 14642

GENEVA GENERAL HOSPITAL
196 North Street
Geneva, NY 14456

THE FREDERICK FERRIS THOMPSON HOSPITAL
A/K/A F.F. THOMPSON HOSPITAL
350 Parrish Street
Canandaigua, NY 14424

HIGHLAND HOSPITAL OF ROCHESTER A/K/A
HIGHLAND HOSPITAL
1000 South Avenue
Rochester, NY 14620

NICHOLAS H. NOYES MEMORIAL HOSPITAL
A/K/A NOYES MEMORIAL HOSPITAL
111 Clara Barton Street
Dansville, NY 14437

GOLETA VALLEY COTTAGE HOSPITAL
351 S Patterson Avenue
Santa Barbara, CA 93111

SANTA BARBARA COTTAGE HOSPITAL
400 West Pueblo Street
Santa Barbara, CA 93105

LESTER E. COX MEDICAL CENTERS D/B/A COX
MEDICAL CENTERS
1423 North Jefferson Avenue
Springfield, MO 65807

THE SKAGGS COMMUNITY HOSPITAL
ASSOCIATION D/B/A COX MEDICAL CENTER
BRANSON
525 Branson Landing Boulevard
Branson, MO 65616

Case No. 25-2612

GROSSMONT HOSPITAL CORPORATION D/B/A
SHARP GROSSMONT HOSPITAL
5555 Grossmont Center Drive
La Mesa, CA 91942

SHARP MEMORIAL HOSPITAL
7901 Frost Street
San Diego, CA 92123

SHARP CHULA VISTA MEDICAL CENTER
751 Medical Center Court
Chula Vista, CA 91911

SHARP CORONADO HOSPITAL AND
HEALTHCARE CENTER D/B/A SHARP CORONADO
HOSPITAL
250 Prospect Place
Coronado, CA 92118

LEE HEALTH SYSTEM, INC. D/B/A LEE MEMORIAL
HOSPITAL
2776 Cleveland Avenue
Fort Myers, FL 33901

LEE HEALTH SYSTEM, INC. D/B/A GULF COAST
MEDICAL CENTER
13681 Doctors Way
Fort Myers, FL 33912

LEE HEALTH SYSTEM, INC. D/B/A CAPE CORAL
HOSPITAL
636 Del Prado Boulevard
Cape Coral, FL 33990

THE LOWELL GENERAL HOSPITAL
295 Varnum Avenue
Lowell, MA 01854

MELROSE WAKEFIELD HEALTHCARE, INC.
170 Governors Avenue
Medford, MA 02155

TUFTS MEDICAL CENTER, INC.
800 Washington Street
Boston, MA 02111

SISTERS OF CHARITY HOSPITAL OF BUFFALO,
NEW YORK
2157 Main Street
Buffalo, NY 14214

KENMORE MERCY HOSPITAL
2950 Elmwood Avenue
Buffalo, NY 14217

MOUNT ST. MARY'S HOSPITAL OF NIAGARA
FALLS D/B/A MOUNT ST. MARY'S HOSPITAL
5300 Military Road
Lewiston, NY 14092

MERCY HOSPITAL OF BUFFALO
564 Abbott Road
Buffalo, NY 14220

HENDERSON COUNTY HOSPITAL CORPORATION
D/B/A MARGARET R. PARDEE MEMORIAL
HOSPITAL, PARDEE HOSPITAL,  UNC HEALTH
PARDEE
800 North Justice Street
Hendersonville, NC 28791

CALDWELL MEMORIAL HOSPITAL, INC. D/B/A
UNC HEALTH CALDWELL
321 Mulberry Street SW
Lenoir, NC 28645

ONSLOW MEMORIAL HOSPITAL INC. D/B/A
ONSLOW MEMORIAL HOSPITAL
317 Western Boulevard
Jacksonville, NC 28541

SOUTHEASTERN REGIONAL MEDICAL CENTER
D/B/A UNC HEALTH SOUTHEASTERN
300 West 27th Street
Lumberton, NC 28359

WATAUGA MEDICAL CENTER INC. D/B/A
WATAUGA MEDICAL CENTER
336 Deerfield Road
Boone, NC 28607

UNC ROCKINGHAM HEALTH CARE, INC. D/B/A
UNC ROCKINGHAM HEALTH CARE, UNC
ROCKINGHAM HOSPITAL
117 E Kings Hwy
Eden, NC 27288

BLUE RIDGE HEALTHCARE HOSPITALS INC.
D/B/A UNC HEALTH BLUE RIDGE
2201 South Sterling Street
Morganton, NC 28655

SARASOTA COUNTY PUBLIC HOSPITAL DISTRICT
D/B/A SARASOTA MEMORIAL HOSPITAL –
SARASOTA
1700 South Tamiami Trail
Sarasota, FL 34239

SARASOTA COUNTY PUBLIC HOSPITAL DISTRICT
D/B/A SARASOTA MEMORIAL HOSPITAL –
VENICE
2600 Laurel Road E.
North Venice, FL 34275

CAROLINA EAST MEDICAL CENTER
2000 Neuse Boulevard
New Bern, NC 28560

CHAMPLAIN VALLEY PHYSICIANS HOSPITAL
MEDICAL CENTER D/B/A CHAMPLAIN VALLEY
PHYSICIANS HOSPITAL
75 Beekman Street
Plattsburgh, NY 12901

DEACONESS REGIONAL HEALTHCARE SERVICES
ILLINOIS, INC. D/B/A DEACONESS ILLINOIS
MEDICAL CENTER
3333 West DeYoung Street
Marion, IL 62959

KALEIDA HEALTH
100 High Street
Buffalo, NY 14203

UNIVERSITY HEALTH SYSTEM, INC. D/B/A
UNIVERSITY OF TENNESSEE MEDICAL CENTER
1924 Alcoa Highway
Knoxville, TN 37920

PITT COUNTY MEMORIAL HOSPITAL, INC. D/B/A
ECU HEALTH MEDICAL CENTER
2100 Stantonsburg Road
Greenville, NC  27835

EAST CAROLINA HEALTH-HERITAGE, INC. D/B/A
ECU HEALTH EDGECOMBE HOSPITAL
111 Hospital Drive
Tarboro, NC  27886

CENTRA HEALTH, INC. D/B/A CENTRA
LYNCHBURG GENERAL HOSPITAL
1901 Tate Springs Road
Lynchburg, VA  24501

BEDFORD MEMORIAL HOSPITAL
1613 Oakwood Street
Bedford, VA 24523

PROVIDENCE HEALTH & SERVICES -
WASHINGTON D/B/A PROVIDENCE ALASKA
MEDICAL CENTER
3200 Providence Drive
Anchorage, AK 99508-4615

ST. JOSEPH HEALTH NORTHERN CALIFORNIA,
LLC D/B/A PROVIDENCE ST. JOSEPH HOSPITAL
2705 Dolbeer Street
Eureka, CA 95501

ST. JOSEPH HOSPITAL OF ORANGE D/B/A
PROVIDENCE ST. JOSEPH HOSPITAL
1100 West Stewart Drive
Orange, CA 92868-3849

PROVIDENCE HEALTH SYSTEM - SOUTHERN
CALIFORNIA D/B/A PROVIDENCE LITTLE
COMPANY OF MARY MEDICAL CENTER SAN
PEDRO
1300 West 7th Street
San Pedro, CA 90732-3505

ST. JUDE HOSPITAL D/B/A PROVIDENCE ST. JUDE
MEDICAL CENTER
101 East Valencia Mesa Drive
Fullerton, CA 92835-3809

PROVIDENCE HEALTH SYSTEM - SOUTHERN
CALIFORNIA D/B/A PROVIDENCE SAINT JOSEPH
MEDICAL CENTER
501 South Buena Vista Street
Burbank, CA 91505-4809

PROVIDENCE HEALTH SYSTEM - SOUTHERN
CALIFORNIA D/B/A PROVIDENCE HOLY CROSS
MEDICAL CENTER
15031 Rinaldi Street
Mission Hills, CA 91345-1207

PROVIDENCE SAINT JOHN'S HEALTH CENTER
D/B/A SAINT JOHN'S HEALTH CENTER
2121 Santa Monica Boulevard
Santa Monica, CA 90404-2303

ST. MARY MEDICAL CENTER D/B/A PROVIDENCE
ST. MARY MEDICAL CENTER
18300 Highway 18
Apple Valley, CA 92307-2206

PROVIDENCE HEALTH SYSTEM - SOUTHERN
CALIFORNIA D/B/A PROVIDENCE LITTLE
COMPANY OF MARY MEDICAL CENTER
TORRANCE
4101 Torrance Boulevard
Torrance, CA 90503-4607

MISSION HOSPITAL REGIONAL MEDICAL
CENTER D/B/A PROVIDENCE MISSION HOSPITAL
27700 Medical Center Road
Mission Viejo, CA 92691-6426

TARZANA MEDICAL CENTER, LLC D/B/A
PROVIDENCE CEDARS-SINAI TARZANA MEDICAL
CENTER
18321 Clark Street
Tarzana, CA 91356-3501

COVENANT MEDICAL CENTER
3615 19th Street
Lubbock, TX 79410-1203

LUBBOCK HERITAGE HOSPITAL, LLC D/B/A
GRACE SURGICAL HOSPITAL
7509 Marsha Sharp Fwy
Lubbock, TX 79407-8202

PROVIDENCE HEALTH & SERVICES -
WASHINGTON D/B/A PROVIDENCE ST. MARY
MEDICAL CENTER
401 West Poplar Street
Walla Walla, WA 99362-2846

PROVIDENCE HEALTH & SERVICES -
WASHINGTON D/B/A PROVIDENCE SACRED
HEART MEDICAL CENTER AND CHILDREN'S
HOSPITAL
101 W 8th Avenue
Spokane, WA 99204-2307

KADLEC REGIONAL MEDICAL CENTER
888 Swift Boulevard
Richland, WA 99352-3514

PROVIDENCE HEALTH & SERVICES -
WASHINGTON D/B/A PROVIDENCE HOLY FAMILY
HOSPITAL
5633 North Lidgerwood Street
Spokane, WA 99208-1224

HOLMES REGIONAL MEDICAL CENTER, INC.
1350 South Hickory Street
Melbourne, FL 32901

CAPE CANAVERAL HOSPITAL, INC.
701 West Cocoa Beach Causeway
Cocoa Beach, FL 32931

VIERA HOSPITAL, INC.
8745 N Wickham Rd
Melbourne, FL 32940

PALM BAY HOSPITAL, INC.
1425 Malabar Rd
Palm Bay, FL 32907

NORTHWEST HOSPITAL, LLC D/B/A NORTHWEST
MEDICAL CENTER
6200 North La Cholla Boulevard
Tucson, AZ 85741

BULLHEAD CITY HOSPITAL CORPORATION D/B/A
WESTERN ARIZONA REGIONAL MEDICAL
CENTER
2735 Silver Creek Road
Bullhead City, AZ 86442

ORO VALLEY HOSPITAL, LLC
1551 East Tangerine Road
Oro Valley, AZ 85755

NORTHWEST SAHUARITA HOSPITAL, LLC D/B/A
NORTHWEST MEDICAL CENTER SAHUARITA
16260 S Rancho Sahuarita Blvd
Sahuarita, AZ 85629

SILOAM SPRINGS ARKANSAS HOSPITAL
COMPANY, LLC D/B/A SILOAM SPRINGS
REGIONAL HOSPITAL
603 North Progress Avenue
Siloam Springs, AR 72761

NORTHWEST ARKANSAS HOSPITAL, LLC D/B/A
NORTHWEST MEDICAL CENTER
609 West Maple Avenue
Springdale, AR 72764

PUNTA GORDA HMA, LLC D/B/A SHOREPOINT
HEALTH PUNTA GORDA
809 East Marion Avenue
Punta Gorda, FL 33950

HERNANDO HMA, LLC D/B/A BRAVERA HEALTH
BROOKSVILLE
17240 Cortez Boulevard
Brooksville, FL 34601

PORT CHARLOTTE HMA, LLC D/B/A SHOREPOINT
HEALTH PORT CHARLOTTE
2500 Harbor Boulevard
Port Charlotte, FL 33952

CRESTVIEW HOSPITAL CORPORATION D/B/A
NORTH OKALOOSA MEDICAL CENTER
151 East Redstone Avenue
Crestview, FL 32539

HMA-TRI HOLDINGS, LLC/ HMA SANTA ROSA
MEDICAL CENTER, LLC D/B/A SANTA ROSA
MEDICAL CENTER
6002 Berryhill Road
Milton, FL 32570

FLORIDA HMA HOLDINGS, LLC/ KEY WEST HMA,
LLC D/B/A LOWER KEYS MEDICAL CENTER
5900 College Road
Key West, FL 33040

CITRUS HMA, LLC D/B/A BRAVERA HEALTH
SEVEN RIVER
6201 North Suncoast Boulevard
Crystal River, FL 34428

NAPLES HMA, LLC D/B/A PHYSICIANS REGIONAL
MEDICAL CENTER - PINE RIDGE
6101 Pine Ridge Road
Naples, FL 34119

EAST GEORGIA REGIONAL MEDICAL CENTER,
LLC
1499 Fair Road
Statesboro, GA 30458

BILOXI HMA, LLC D/B/A MERIT HEALTH BILOXI
150 Reynoir Street
Biloxi, MS 39530

POPLAR BLUFF REGIONAL MEDICAL CENTER,
LLC D/B/A POPLAR BLUFF REGIONAL MEDICAL
CENTER
3100 Oak Grove Road
Poplar Bluff, MO 63902

LAS CRUCES MEDICAL CENTER, LLC D/B/A
MOUNTAIN VIEW REGIONAL MEDICAL CENTER
4311 E Lohman Avenue
Las Cruces, NM 88011

KAY COUNTY OKLAHOMA HOSPITAL COMPANY
LLC D/B/A ALLIANCEHEALTH PONCA CITY
1900 N 14th St
Ponca City, OK 74601

WILKES-BARRE HOSPITAL COMPANY LLC D/B/A
WILKES-BARRE GENERAL HOSPITAL
575 N. River Street
Wilkes-Barre, PA 18764

SCRANTON HOSPITAL COMPANY LLC D/B/A
REGIONAL HOSPITAL OF SCRANTON
746 Jefferson Avenue
Scranton, PA 18501

JEFFERSON COUNTY HMA, LLC D/B/A TENNOVA
HEALTHCARE JEFFERSON MEMORIAL HOSPITAL
110 Hospital Dr
Jefferson City, TN 37760

METRO KNOXVILLE HMA, LLC D/B/A TENNOVA
HEALTHCARE NORTH KNOXVILLE MEDICAL
CENTER
7565 Dannaher Dr
Powell, TN 37849

PINEY WOODS HEALTHCARE SYSTEM, L.P. D/B/A
WOODLAND HEIGHTS MEDICAL CENTER
505 S John Redditt Dr
Lufkin, TX 75904

LA PORTE HOSPITAL COMPANY, LLC D/B/A
NORTHWEST HEALTH - LA PORTE
1331 State St
La Porte, IN 46350

PORTER HOSPITAL, LLC D/B/A NORTHWEST
HEALTH – PORTER
85 E U.S. Hwy 6
Valparaiso, IN 46383

KNOX HOSPITAL COMPANY, LLC D/B/A
NORTHWEST HEALTH – STARKE
102 E Culver Rd
Knox, IN 46534

JUPITER MEDICAL CENTER
1210 S Old Dixie Highway
Jupiter, FL 33458

NAPLES COMMUNITY HOSPITAL, INC. D/B/A NCH
BAKER DOWNTOWN
350 Seventh Street North
Naple, FL 34102

BAILEY MEDICAL CENTER, LLC D/B/A BAILEY
MEDICAL CENTER
10502 N 110th East Ave
Owasso, OK 74055

AHS CLAREMORE REGIONAL HOSPITAL LLC
D/B/A HILLCREST HOSPITAL CLAREMORE
1202 N Muskogee Pl
Claremore, OK 74017

AHS HENRYETTA HOSPITAL, LLC D/B/A
HILLCREST HOSPITAL HENRYETTA
2401 W Main St
Henryetta, OK 74437

UNIVERSITY OF TEXAS HEALTH SCIENCE
CENTER AT TYLER, LLC D/B/A UT HEALTH
NORTH CAMPUS TYLER
11937 US-271
Tyler, TX 75708

TYLER REGIONAL HOSPITAL, LLC D/B/A UT
HEALTH EAST TEXAS TYLER REGIONAL
HOSPITAL
1000 S Beckham Ave
Tyler, TX 75701

GUTHRIE CORTLAND MEDICAL CENTER
134 Homer Avenue
Cortland, NY 13045

GUTHRIE LOURDES HOSPITAL
169 Riverside Dr
Binghamton, NY 13905

PALESTINE PRINCIPAL HEALTHCARE LP D/B/A
PALESTINE REGIONAL MEDICAL CENTER
2900 South Loop 256
Palestine, TX 75801

ST. FRANCIS HEALTH, LLC D/B/A ST. FRANCIS
HOSPITAL
2122 Manchester Expy
Columbus, GA 31904

ST. JOSEPH HOSPITAL, LLC D/B/A ST. JOSEPH
REGIONAL MEDICAL CENTER
415 6th Street
Lewiston, ID 83501

                        Plaintiffs,

v.

ROBERT F. KENNEDY, JR., in his official capacity as
Secretary, United States Department of Health and
Human Services,
200 Independence Ave, S.W.
Washington, D.C. 20201

                        Defendant.

## **COMPLAINT**

1.      This case involves the Secretary ("Secretary") of Health and Human Services' ("HHS") calculation of Plaintiffs' ("the Hospitals") Federal Fiscal Year ("FFY") 2024 Medicare reimbursement. The relevant statute requires the Secretary to exclude those hospitals that receive what is known as the Rural Floor from the application of what is known as the rural floor budget neutrality factor ("RFBNF"). The Secretary has refused to do so. As a result of the Secretary's

refusal to apply the relevant statute properly, the Hospitals' FFY 2024 wage indexes were unlawfully reduced, resulting in lower Medicare reimbursement than each Hospital is statutorily entitled to receive.

## I. PARTIES

2.    The Hospitals are Medicare-participating, acute care hospitals with their respective principal places of businesses located at the addresses set forth in the caption and the following respective Medicare provider numbers:

1) 26-0040 - Lester E. Cox Medical Centers d/b/a Cox Medical Centers

2) 26-0094 - The Skaggs Community Hospital Association d/b/a Cox Medical Center Branson

3) 05-0026 - Grossmont Hospital Corporation d/b/a Sharp Grossmont Hospital

4) 05-0100 - Sharp Memorial Hospital

5) 05-0222 - Sharp Chula Vista Medical Center

6) 05-0234 - Sharp Coronado Hospital and Healthcare Center d/b/a Sharp Coronado Hospital

7) 10-0012 - Lee Health System, Inc. d/b/a Lee Memorial Hospital

8) 10-0220 - Lee Health System, Inc. d/b/a Gulf Coast Medical Center

9) 10-0244 - Lee Health System, Inc. d/b/a Cape Coral Hospital

10) 22-0063 - The Lowell General Hospital

11) 22-0070 - Melrose Wakefield Healthcare, Inc.

12) 22-0116 - Tufts Medical Center, Inc.

13) 33-0078 - Sisters of Charity Hospital of Buffalo, New York

14) 33-0102 - Kenmore Mercy Hospital

15) 33-0188 - Mount St. Mary's Hospital of Niagara Falls d/b/a Mount St. Mary's Hospital

16) 33-0279 - Mercy Hospital of Buffalo

17) 10-0087 - Sarasota County Public Hospital District d/b/a Sarasota Memorial Hospital - Sarasota

18) 10-0359 - Sarasota County Public Hospital District d/b/a Sarasota Memorial Hospital - Venice

19) 34-0131 - Carolina East Medical Center

20) 33-0250 - Champlain Valley Physicians Hospital Medical Center d/b/a Champlain Valley Physicians Hospital

21) 14-0184 - Deaconess Regional Healthcare Services Illinois, Inc. d/b/a Deaconess Illinois Medical Center

22) 33-0005 - Kaleida Health

23) 44-0015 - University Health System, Inc. d/b/a University of Tennessee Medical Center

24) 34-0040 - Pitt County Memorial Hospital, Inc. d/b/a ECU Health Medical Center

25) 34-0107 - East Carolina Health-Heritage, Inc. d/b/a ECU Health Edgecombe Hospital

26) 49-0021 - Centra Health, Inc. d/b/a Centra Lynchburg General Hospital

27) 49-0088 - Bedford Memorial Hospital

28) 02-0001 - Providence Health & Services - Washington d/b/a Providence Alaska Medical Center

29) 05-0006 - St. Joseph Health Northern California, LLC d/b/a Providence St. Joseph Hospital

30) 05-0069 – St. Joseph Hospital of Orange d/b/a Providence St. Joseph Hospital

31) 05-0078 - Providence Health System - Southern California d/b/a Providence Little Company of Mary Medical Center San Pedro

32) 05-0168 - St. Jude Hospital d/b/a Providence St. Jude Medical Center

33) 05-0235 - Providence Health System - Southern California d/b/a Providence Saint Joseph Medical Center

34) 05-0278 - Providence Health System - Southern California d/b/a Providence Holy Cross Medical Center

35) 05-0290 - Providence Saint John's Health Center d/b/a Saint John's Health Center

36) 05-0300 - St. Mary Medical Center d/b/a Providence St. Mary Medical Center

37) 05-0353 - Providence Health System - Southern California d/b/a Providence Little Company of Mary Medical Center Torrance

38) 05-0567 - Mission Hospital Regional Medical Center d/b/a Providence Mission Hospital

39) 05-0761 - Tarzana Medical Center, LLC d/b/a Providence Cedars-Sinai Tarzana Medical Center

40) 45-0040 – Covenant Medical Center

41) 45-0162 - Lubbock Heritage Hospital, LLC d/b/a Grace Surgical Hospital

42) 50-0002 - Providence Health & Services - Washington d/b/a Providence St. Mary Medical Center

43) 50-0054 - Providence Health & Services - Washington d/b/a Providence Sacred Heart Medical Center and Children's Hospital

44) 50-0058 – Kadlec Regional Medical Center

45) 50-0077 - Providence Health & Services - Washington d/b/a Providence Holy Family Hospital

46) 10-0019 - Holmes Regional Medical Center, Inc.

47) 10-0177 - Cape Canaveral Hospital, Inc.

48) 10-0315 - Viera Hospital, Inc.

49) 10-0316 - Palm Bay Hospital, Inc.

50) 03-0085 - Northwest Hospital, LLC d/b/a Northwest Medical Center

51) 03-0101 - Bullhead City Hospital Corporation d/b/a Western Arizona Regional Medical Center

52) 03-0114 - Oro Valley Hospital, LLC

53) 03-0148 - Northwest Sahuarita Hospital, LLC d/b/a Northwest Medical Center Sahuarita

54) 04-0001 - Siloam Springs Arkansas Hospital Company, LLC d/b/a Siloam Springs Regional Hospital

55) 04-0022 - Northwest Arkansas Hospital, LLC d/b/a Northwest Medical Center

56) 10-0047 - Punta Gorda HMA, LLC d/b/a Shorepoint Health Punta Gorda

57) 10-0071 - Hernando HMA, LLC d/b/a Bravera Health Brooksville

58) 10-0077 - Port Charlotte HMA, LLC d/b/a Shorepoint Health Port Charlotte

59) 10-0122 - Crestview Hospital Corporation d/b/a North Okaloosa Medical Center

60) 10-0124 - HMA-TRI Holdings, LLC/ HMA Santa Rosa Medical Center, LLC d/b/a Santa Rosa Medical Center

61) 10-0150 - Florida HMA Holdings, LLC/ Key West HMA, LLC d/b/a Lower Keys Medical Center

62) 10-0249 - Citrus HMA, LLC d/b/a Bravera Health Seven Rivers

63) 10-0286 - Naples HMA, LLC d/b/a Physicians Regional Medical Center - Pine Ridge

64) 11-0075 - East Georgia Regional Medical Center, LLC

65) 25-0007 - Biloxi HMA, LLC d/b/a Merit Health Biloxi

66) 26-0119 - Poplar Bluff Regional Medical Center, LLC d/b/a Poplar Bluff Regional Medical Center

67) 32-0085 - Las Cruces Medical Center, LLC d/b/a Mountain View Regional Medical Center

68) 37-0006 - Kay County Oklahoma Hospital Company LLC d/b/a AllianceHealth Ponca City

69) 39-0137 - Wilkes-Barre Hospital Company LLC d/b/a Wilkes-Barre General Hospital

70) 39-0237 - Scranton Hospital Company LLC d/b/a Regional Hospital of Scranton

71) 44-0056 - Jefferson County HMA, LLC d/b/a Tennova Healthcare Jefferson Memorial Hospital

72) 44-0120 - Metro Knoxville HMA, LLC d/b/a Tennova Healthcare North Knoxville Medical Center

73) 45-0484 - Piney Woods Healthcare System, L.P. d/b/a Woodland Heights Medical Center

74) 15-0006 - La Porte Hospital Company, LLC d/b/a Northwest Health - La Porte

75) 15-0035 - Porter Hospital, LLC d/b/a Northwest Health - Porter

76) 15-0102 - Knox Hospital Company, LLC d/b/a Northwest Health – Starke

77) 05-0357 - Goleta Valley Cottage Hospital

78) 05-0396 - Santa Barbara Cottage Hospital

79) 34-0017 - Henderson County Hospital Corporation d/b/a Margaret R. Pardee Memorial Hospital, Pardee Hospital, UNC Health Pardee

80) 34-0041 - Caldwell Memorial Hospital, Inc. d/b/a UNC Health Caldwell

81) 34-0042 - Onslow Memorial Hospital Inc. d/b/a Onslow Memorial Hospital

82) 34-0050 - Southeastern Regional Medical Center d/b/a UNC Health Southeastern

83) 34-0051 - Watauga Medical Center Inc. d/b/a Watauga Medical Center

84) 34-0060 - UNC Rockingham Health Care, Inc. d/b/a UNC Rockingham Health Care, UNC Rockingham Hospital

85) 34-0075 - Blue Ridge Healthcare Hospitals Inc. d/b/a UNC Health Blue Ridge

86) 10-0253 - Jupiter Medical Center

87) 10-0018 - Naples Community Hospital, Inc. d/b/a NCH Baker Downtown

88) 37-0228 - Bailey Medical Center, LLC d/b/a Bailey Medical Center

89) 37-0039 - AHS Claremore Regional Hospital LLC d/b/a Hillcrest Hospital Claremore

90) 37-0183 - AHS Henryetta Hospital, LLC d/b/a Hillcrest Hospital Henryetta

91) 45-0690 - University of Texas Health Science Center at Tyler, LLC d/b/a UT Health North Campus Tyler

92) 45-0083 - Tyler Regional Hospital, LLC d/b/a UT Health East Texas Tyler Regional Hospital

93) 33-0175 - Guthrie Cortland Medical Center

94) 33-0011 - Guthrie Lourdes Hospital

95) 33-0058 - Geneva General Hospital

96) 33-0074 - The Frederick Ferris Thompson Hospital a/k/a F.F. Thompson Hospital

97) 33-0164 - Highland Hospital of Rochester a/k/a Highland Hospital

98) 33-0238 - Nicholas H. Noyes Memorial Hospital a/k/a Noyes Memorial Hospital

99) 33-0285 - Strong Memorial Hospital, a division of the University of Rochester

100) 45-0747 - Palestine Principal Healthcare LP d/b/a Palestine Regional Medical Center

101) 11-0129 - St. Francis Health, LLC d/b/a St. Francis Hospital

102) 13-0003 - St. Joseph Hospital, LLC d/b/a St. Joseph Regional Medical Center

3.     Defendant Robert F. Kennedy, Jr., Secretary of HHS, is the federal official responsible for administering the Medicare Program and is sued in his official capacity as Secretary of HHS. The Centers for Medicare and Medicaid Services ("CMS"), a component of HHS, administers the Medicare program on behalf of the Secretary. References to the Secretary

herein are meant to refer to him, his subordinates, his official predecessors or successors, and the Department and its components that he oversees, as the context requires.

## II.    JURISDICTION AND VENUE

4.      This action arises under the Medicare statute, Title XVIII of the Social Security Act, 42 U.S.C. § 1395 *et seq.*, and the Administrative Procedure Act ("APA") 5 U.S.C. § 551 *et seq.*.

5.      Jurisdiction is proper under 42 U.S.C. § 1395oo(a)(1)(A), 42 U.S.C. § 1395oo(f), 28 U.S.C. § 1331, and 28 U.S.C. § 1361.

6.      Venue is proper in this judicial district pursuant to 42 U.S.C. § 1395oo(f)(1) and 28 U.S.C. § 1391(e).

## III.    STATUTORY AND REGULATORY BACKGROUND

### A.    The Medicare Program and the Medicare Wage Index

7.      Medicare is a federal health insurance program for people over the age of 65, the disabled, and individuals with end stage renal disease. 42 U.S.C. § 1395ww *et seq*. Medicare is administered by the Secretary through CMS.

8.      In 1983, Congress created a Medicare prospective payment system ("PPS") to reimburse hospitals based on the average cost of treating a patient with a given diagnosis in a cost-effective hospital, not the actual cost for a specific hospital. *See* 42 U.S.C. § 1395ww(d)(1)-(5). Under PPS, the Secretary annually constructs a standard national rate based on the average costs of hospital services. *See* 42 U.S.C. § 1395ww(d). That rate consists of a "labor-related" portion and a "non-labor-related" portion. The labor-related portion consists of the proportion "of hospitals' costs which are attributable to wages and wage-related costs." 42 U.S.C. § 1395ww(d)(3)(E).

9.     Because labor costs vary based on a hospital's location and labor market, Congress requires the Secretary to adjust Medicare payments to account for those wage differences. *See* 42 U.S.C. § 1395ww(d)(3)(E). This wage index is an annual comparison of the average hospital wages in a particular geographic area to the national average hospital wage. The wage index is a multiplier applied to the labor cost portion of DRG rates to arrive at a final payment rate for each hospital. *See* 86 Fed. Reg. 44774, 45162-63 (Aug. 13, 2021) (describing the wage index).

10.     The wage index is a key determinant of a hospital's Medicare reimbursement. All other things being equal, a higher wage index results in higher Medicare reimbursement.

11.     For purposes of the wage index there are only two types of geographic areas for hospitals: urban and rural. Congress has adopted specific statutory definitions of the terms "urban area" and "rural area:"

> The term "urban area" means an area within a Metropolitan Statistical Area (as defined by the Office of Management and Budget) or within such similar area as the Secretary has recognized under subsection (a) by regulation … and the term "rural area" means any area outside such an area or similar area…

42 U.S.C. § 1395ww(d)(2)(D).  Thus, "rural area" is in essence a default definition: if a hospital is not located in an urban area, the hospital is considered to be located in a rural area.

12.     The Secretary annually determines a separate wage index for each urban Core Based Statistical Area (CBSA). The Secretary also determines a single wage index per state for the rural area of that state. Although a state might have many different urban areas, for wage index purposes there is only one rural area per state.

13.     The wage index used to adjust Medicare inpatient service payments for an individual hospital is the wage index that HHS determines and assigns to the area in which the hospital is treated as being located. The wage index determinations are set forth by the Secretary in the annual IPPS final rule.

**B.    The Rural Floor and the RFBNF**

14.    The Medicare Act ties urban wage indexes to rural wage indexes in an important way with what is commonly known as the Rural Floor. Enacted in 1997, the Rural Floor statute states, in part:

> § 4410(a)  IN GENERAL - For purposes of section 1886(d)(3)(E) of the Social Security Act (42 U.S.C. 1395ww(d)(3)(E)) for discharges occurring on or after October 1, 1997, the area wage index applicable under such section to any hospital which is not located in a rural area (as defined in section 1886(d)(2)(D) of such Act (42 U.S.C. 1395ww(d)(2)(D)) **may not be less** than the area wage index applicable under such section to hospitals located in rural areas in the State in which the hospital is located.

Balanced Budget Act of 1997 ("BBA 1997"), Pub. L. No. 105-33, § 4410, 111 Stat. 251, 402 (1997) (reprinted at 42 U.S.C. 1395ww note) (emphasis added).

15.    In brief, the Rural Floor sets a wage index floor, whereby a hospital that receives the wage index of any given urban area in a state may not be assigned a wage index lower than the lawfully calculated Rural Wage Index in that state.

16.    The Rural Floor is one of several wage index floors that Congress has created. Congress also has enacted other statutory provisions that adjust the wage index for certain hospitals, but not others.

17.    In addition to establishing the Rural Floor, the BBA 1997 legislation also required the Secretary to adjust the wage indexes of certain hospitals to account for the effect of the Rural Floor:

> § 4410(b)  IMPLEMENTATION - The Secretary of Health and Human Services shall adjust the area wage index referred to in subsection (a) **for hospitals not described in such subsection** in a manner which assures that the aggregate payments made under [the PPS]  in a fiscal year for the operating costs of inpatient hospital services are not greater or less than those which would have been made in the year if this section did not apply.

*Id.* (emphasis added).

18.    The above-quoted provision requires the Secretary to adjust the wage index as necessary to ensure that the Rural Floor is implemented in a budget neutral fashion, *i.e.,* to ensure that PPS payments "are not greater or less" than they would have been if there were no Rural Floor.

19.    Pursuant to Section 4410(b), the RFBNF only applies to certain hospitals, and the Secretary is prohibited from lowering other hospitals' wage indexes as a result of the RFBNF.

20.    Section 4410(b) specifically excludes certain hospitals, including the Hospitals bringing this lawsuit, from the application of the budget neutrality adjustment.

**C.    The Switch from National Budget Neutrality to State Budget Neutrality and Back to National Budget Neutrality**

21.    Prior to FFY 2009, the Secretary calculated the RFBNF on a national basis. That is, the Secretary applied the same RFBNF in every state, rather than a different neutrality factor for each state.

22.    For FFY 2009 and 2010, the Secretary switched to a state-by-state (also called within-state) budget neutrality factor for the Rural Floor. CMS adopted this change in the FFY 2009 IPPS Final Rule, stating: "it also would be sound policy to make the budget neutrality adjustment specific to the State, redistributing payments among hospitals within the State, rather than adjusting payments to hospitals in other States." 73 Fed. Reg. 48434, 48572 (Aug. 19, 2008).

23.    Although not every state had hospitals that were subject to a Rural Floor, under the state-by-state budget neutrality factor, for each state that did have a Rural Floor, a unique budget neutrality factor was calculated for each state. Thus, the impact of the Rural Floor in a given state was made budget neutral by applying the neutrality factor related to that impact only to other hospitals in the same state, rather than also applying it to hospitals in every other state.

24.    In the Patient Protection and Affordable Care Act, P.L. 111-148, Congress rejected this state-by state approach and required the Secretary to return to applying Rural Floor budget

neutrality on a national basis, using a single budget neutrality factor, rather than a unique budget neutrality factor for each state. Section 3141 of that Act provides as follows:

> SEC. 3141. APPLICATION OF BUDGET NEUTRALITY ON A NATIONAL BASIS IN THE CALCULATION OF THE MEDICARE HOSPITAL WAGE INDEX FLOOR.
>
> In the case of discharges occurring on or after October 1, 2010, for purposes of applying section 4410 of the Balanced Budget Act of 1997 (42 U.S.C. 1395ww note) and paragraph (h)(4) of section 412.64 of title 42, Code of Federal Regulations, the Secretary of Health and Human Services shall administer subsection (b) of such section 4410 and paragraph (e) of such section 412.64 in the same manner as the Secretary administered such subsection (b) and paragraph (e) for discharges occurring during fiscal year 2008 (through a uniform, national adjustment to the area wage index).

25.     In the FFY 2011 IPPS Final Rule, the Secretary reverted back to the national budget neutrality factor, stating: "Specifically, section 3141 of the Affordable Care Act rescinded our policy that established a statewide budget neutrality adjustment for the rural and imputed floors and, instead, restored a uniform, national adjustment to the area wage index, beginning with the FY 2011 wage index." 75 Fed. Reg. 50042, 50160 (Aug 16, 2010).

**D.     The Medicare Appeal Process and Expedited Judicial Review**

26.     The Social Security Act entitles a hospital to a hearing before the Provider Reimbursement Review Board ("PRRB" or the "Board") if: (a) the hospital is dissatisfied with the final determination of the Secretary as to the amount of payment under the Medicare statute; (ii) the hospital files a request for PRRB hearing within 180 days of the final determination; and (iii) the amount in controversy is at least $10,000 for an individual appeal or $50,000 for a group appeal. 42 U.S.C. § 139500(a); 42 C.F.R. § 405.1835.

27.     The publication of IPPS rates and the wage index in the Federal Register constitutes a final determination that may be appealed to the PRRB. 42 U.S.C. § 1395oo(a).

28.     The Social Security Act also provides for expedited judicial review. Pursuant to 42 U.S.C. § 1395oo(f)(1) and the regulations at 42 C.F.R.§ 405.1842(f)(1), the Board is required to grant an EJR request if the Board determines that: (i) the Board has jurisdiction to conduct a hearing on the specific matter at issue; and (ii) the Board lacks the authority to decide a specific legal question relevant to the specific matter at issue because the legal question is a challenge either to the constitutionality of a provision of a statute or to the substantive or procedural validity of a regulation or CMS Ruling. If EJR is granted, the hospital may seek judicial review of the final determination without a PRRB hearing by filing a complaint no later than 60 days after the hospital receives notice of the PRRB's decision to grant EJR.

29.     Pursuant to the APA, a "reviewing court shall … hold unlawful and set aside agency action, findings, and conclusions found to be … (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; … [or] (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." 5 U.S.C. § 706(2).

## IV.     PROCEDURAL HISTORY

30.     Pursuant to 42 U.S.C. § 1395oo, the Hospitals are dissatisfied with and challenged the Secretary's calculation of their respective wage indexes and related reimbursement for FFY 2024. Each of the Hospitals timely filed an appeal with the PRRB from the publication in the *Federal Register* of the FFY 2024 IPPS Final Rule and satisfied all jurisdictional requirements for an appeal.

31.     The Hospitals requested that the PRRB grant expedited judicial review ("EJR") of their appeals. In response to the EJR request, the MAC in certain of the appeals asserted what is commonly referred to as a substantive claim challenge regarding some (but not all) of the hospitals. The Secretary's substantive claim regulations are described later in this Complaint.

32.    For a number of the group appeals that requested EJR, the MAC did not challenge the request, and by letter dated June 12, 2025 (the "First EJR decision"), the PRRB determined that it had jurisdiction over the appeals, but that it lacked the authority to decide the legal questions at issue in the appeals. A copy of that decision is attached as Exhibit 1. Accordingly, EJR was granted as to the following providers in the identified PRRB group appeals:

1) Goleta Valley Cottage Hospital, Provider No. 05-0357, Case No. 24-1468GC

2) Santa Barbara Cottage Hospital, Provider No. 05-0396, Case No. 24-1468GC

3) Lester E. Cox Medical Centers d/b/a Cox Medical Centers, Provider No. 26-0040, Case No. 24-1469GC

4) The Skaggs Community Hospital Association d/b/a Cox Medical Center Branson, Provider No. 26-0094, Case No. 24-1469GC

5) Grossmont Hospital Corporation d/b/a Sharp Grossmont Hospital, Provider No. 05-0026, Case No. 24-1472GC

6) Sharp Memorial Hospital, Provider No. 05-0100, Case No. 24-1472GC

7) Sharp Chula Vista Medical Center, Provider No. 05-0222, Case No. 24-1472GC

8) Sharp Coronado Hospital and Healthcare Center d/b/a Sharp Coronado Hospital, Provider No. 05-0234, Case No. 24-1472GC

9) Lee Health System, Inc. d/b/a Lee Memorial Hospital, Provider No. 10-0012, Case No. 24-1474GC

10) Lee Health System, Inc. d/b/a Gulf Coast Medical Center, Provider No. 10-0220, Case No. 14-1474GC

11) Lee Health System, Inc. d/b/a Cape Coral Hospital, Provider No. 10-0244, Case No. 14-1474GC

12) The Lowell General Hospital, Provider No. 22-0063, Case No. 24-1563GC

13) Melrose Wakefield Healthcare, Inc., Provider No. 22-0070, Case No. 24-1563GC

14) Tufts Medical Center, Inc., Provider No. 22-0116, Case No. 24-1563GC

15) Sisters of Charity Hospital of Buffalo, New York, Provider No. 33-0078, Case No. 24-1575GC

16) Kenmore Mercy Hospital, Provider No. 33-0102, Case No. 24-1575GC

17) Mount St. Mary's Hospital of Niagara Falls d/b/a Mount St. Mary's Hospital, Provider No. 33-0188, Case No. 24-1575GC

18) Mercy Hospital of Buffalo, Provider No. 33-0279, Case No. 24-1575GC

19) Henderson County Hospital Corporation d/b/a Margaret R. Pardee Memorial Hospital, Pardee Hospital, UNC Health Pardee, Provider No. 34-0017, Case No. 24-1604GC

20) Caldwell Memorial Hospital, Inc. d/b/a UNC Health Caldwell, Provider No. 34-0041, Case No. 24-1604GC

21) Onslow Memorial Hospital Inc. d/b/a Onslow Memorial Hospital, Provider No. 34-0042, Case No. 24-1604GC

22) Southeastern Regional Medical Center d/b/a UNC Health Southeastern, Provider No. 34-0050, Case No. 24-1604GC

23) Watauga Medical Center Inc. d/b/a Watauga Medical Center, Provider No. 34-0051, Case No. 24-1604GC

24) UNC Rockingham Health Care, Inc. d/b/a UNC Rockingham Health Care, UNC Rockingham Hospital, Provider No. 34-0060, Case No. 24-1604GC

25) Blue Ridge Healthcare Hospitals Inc. d/b/a UNC Health Blue Ridge, Provider No. 34-0075, Case No. 24-1604GC

26) Sarasota County Public Hospital District d/b/a Sarasota Memorial Hospital – Sarasota, Provider No. 10-0087, Case No. 24-1623GC

27) Sarasota County Public Hospital District d/b/a Sarasota Memorial Hospital – Venice, Provider No. 10-0359, Case No. 24-1623GC

28) Carolina East Medical Center, Provider No. 34-0131, Case No. 24-1643G

29) Champlain Valley Physicians Hospital Medical Center d/b/a Champlain Valley Physicians Hospital, Provider No. 33-0250, Case No. 24-1643G

30) Deaconess Regional Healthcare Services Illinois, Inc. d/b/a Deaconess Illinois Medical Center, Provider No. 14-0184, Case No. 24-1643G

31) Kaleida Health, Provider No. 33-0005, Case No. 24-1643G

32) University Health System, Inc. d/b/a University of Tennessee Medical Center, Provider No. 44-0015, Case No. 24-1643G

33) Palestine Principal Healthcare LP d/b/a Palestine Regional Medical Center, Provider No. 45-0747, Case No. 24-1647GC

34) St. Francis Health, LLC d/b/a St. Francis Hospital, Provider No. 11-0129, Case No. 24-1647GC

35) St. Joseph Hospital, LLC d/b/a St. Joseph Regional Medical Center, Provider No. 13-0003, Case No. 24-1647GC

33.    On July 18, 2025, the PRRB issued a second decision (the "Second EJR Decision") wherein it addressed the remaining EJR applications and the substantive claim challenges by the MACs. A copy of that decision is attached as Exhibit 2. The PRRB upheld the MAC's substantive claim challenge as to the following providers (though only for the portion of the federal fiscal year 2024 covered by the referenced cost report fiscal year end noted below):

1) Pitt County Memorial Hospital, Inc. d/b/a ECU Health Medical Center, Provider No. 34-0040, Case No. 24-1577GC (FYE 09/30/2024)

2) East Carolina Health-Heritage, Inc. d/b/a ECU Health Edgecombe Hospital, Provider No. 34-0107, Case No. 24-1577GC (FYE 09/30/2024)

3) Centra Health, Inc. d/b/a Centra Lynchburg General Hospital, Provider No. 49-0021, Case No. 24-1579GC (FYE 12/31/2023)

4) Lubbock Heritage Hospital, LLC d/b/a Grace Surgical Hospital, Provider No. 45-0162, Case No. 24-1588GC (FYE 12/31/2023)

5) AHS Claremore Regional Hospital LLC d/b/a Hillcrest Hospital Claremore, Provider No. 37-0039, Case No. 24-1614GC (FYE 10/31/2024)

6) AHS Henryetta Hospital, LLC d/b/a Hillcrest Hospital Henryetta, Provider No. 37-0183, Case No. 24-1614GC (11/30/2024)

7) University of Texas Health Science Center at Tyler, LLC d/b/a UT Health North Campus Tyler, Provider No. 45-0690, Case No. 24-1614GC (FYE 08/31/2024)

8) Tyler Regional Hospital, LLC d/b/a UT Health East Texas Tyler Regional Hospital, Provider No. 45-0083, Case No. 24-1614GC (FYE 10/31/2023)

9) Holmes Regional Medical Center, Inc., Provider No. 10-0019, Case No. 24-1618GC (FYE 09/30/2024)

10) Cape Canaveral Hospital, Inc., Provider No. 10-0177, Case No. 24-1618GC (FYE 09/30/2024)

11) Viera Hospital, Inc., Provider No. 10-0315, Case No. 24-1618GC (FYE 09/30/2024)

12) Palm Bay Hospital, Inc., Provider No. 10-0316, Case No. 24-1618GC (FYE 09/30/2024)

13) Jupiter Medical Center, Provider No. 10-0253, Case No. 24-1642G (FYE 09/30/2024)

14) Citrus HMA, LLC d/b/a Bravera Health Seven Rivers, Provider No. 10-0249, Case No. 24-1641GC (FYE 11/30/2023)

15) Guthrie Cortland Medical Center, Provider No. 33-0175, Case No. 24-1640GC (FYE 06/30/2024)

16) Geneva General Hospital, Provider No. 33-0058, Case No. 24-1567GC (FYE 12/31/2023)

17) The Frederick Ferris Thompson Hospital a/k/a F.F. Thompson Hospital, Provider No. 33-0074, Case No. 24-1567GC (FYE 12/31/2023)

34.    In the Second EJR Decision, there were also a number of providers for which the PRRB either rejected the MAC's substantive claim challenge, or granted EJR due to a lack of a challenge to EJR by the MAC. Those providers include the following:

1) Bedford Memorial Hospital, Provider No. 49-0088, Case No. 24-1579GC

2) Providence Health & Services - Washington d/b/a Providence Alaska Medical Center, Provider No. 02-0001, Case No. 24-1588GC

3) St. Joseph Health Northern California, LLC d/b/a Providence St. Joseph Hospital, Provider No. 05-0006, Case No. 24-1588GC

4) St. Joseph Hospital of Orange d/b/a Providence St. Joseph Hospital, Provider No. 05-0069, Case No. 24-1588GC

5) Providence Health System - Southern California d/b/a Providence Little Company of Mary Medical Center San Pedro, Provider No. 05-0078, Case No. 24-1588GC

6) St. Jude Hospital d/b/a Providence St. Jude Medical Center, Provider No. 05-0168, Case No. 24-1588GC

7) Providence Health System - Southern California d/b/a Providence Saint Joseph Medical Center, Provider No. 05-0235, Case No. 24-1588GC

8)  Providence Health System - Southern California d/b/a Providence Holy Cross Medical Center, Provider No. 05-0278, Case No. 24-1588

9)  Providence Saint John's Health Center d/b/a Saint John's Health Center, Provider No. 05-0290, Case No. 24-1588GC

10) St. Mary Medical Center d/b/a Providence St. Mary Medical Center, Provider No. 05-0300, Case No. 24-1588GC

11) Providence Health System - Southern California d/b/a Providence Little Company of Mary Medical Center Torrance, Provider No. 05-0353, Case No. 24-1588GC

12) Mission Hospital Regional Medical Center d/b/a Providence Mission Hospital, Provider No. 05-0567, Case No. 24-1588GC

13) Tarzana Medical Center, LLC d/b/a Providence Cedars-Sinai Tarzana Medical Center, Provider No. 05-0761, Case No. 24-1588GC

14) Covenant Medical Center, Provider No. 45-0040, Case No. 24-1588GC

15) Providence Health & Services - Washington d/b/a Providence St. Mary Medical Center, Provider No. 50-0002, Case No. 24-1588GC

16) Providence Health & Services - Washington d/b/a Providence Sacred Heart Medical Center and Children's Hospital, Provider No. 50-0054, Case No. 24-1588GC

17) Kadlec Regional Medical Center, Provider No. 50-0058, Case No. 24-1588GC

18) Providence Health & Services - Washington d/b/a Providence Holy Family Hospital, Provider No. 50-0077, Case No. 24-1588GC

19) Bailey Medical Center, LLC d/b/a Bailey Medical Center, Provider No. 37-0228, Case No. 24-1614GC

20) Naples Community Hospital, Inc. d/b/a NCH Baker Downtown, Provider No. 10-0018, Case No. 24-1642G

21) Northwest Hospital, LLC d/b/a Northwest Medical Center, Provider No. 03-0085, Case No. 24-1641GC

22) Bullhead City Hospital Corporation d/b/a Western Arizona Regional Medical Center, Provider No. 03-0101, Case No. 24-1641GC

23) Oro Valley Hospital, LLC, Provider No. 03-0114, Case No. 24-1641GC

24) Northwest Sahuarita Hospital, LLC d/b/a Northwest Medical Center Sahuarita, Provider No. 03-0148, Case No. 24-1641GC

25) Siloam Springs Arkansas Hospital Company, LLC d/b/a Siloam Springs Regional Hospital, Provider No. 04-0001, Case No. 24-1641GC

26) Northwest Arkansas Hospital, LLC d/b/a Northwest Medical Center, Provider No. 04-0022, Case No. 24-1641GC

27) Punta Gorda HMA, LLC d/b/a Shorepoint Health Punta Gorda, Provider No. 10-0047, Case No. 24-1641GC

28) Hernando HMA, LLC d/b/a Bravera Health Brooksville, Provider No. 10-0071, Case No. 24-1641GC

29) Port Charlotte HMA, LLC d/b/a Shorepoint Health Port Charlotte, Provider No. 10-0077, Case No. 24-1641GC

30) Crestview Hospital Corporation d/b/a North Okaloosa Medical Center, Provider No. 10-0122, Case No. 24-1641GC

31) HMA-TRI Holdings, LLC/ HMA Santa Rosa Medical Center, LLC d/b/a Santa Rosa Medical Center, Provider No. 10-0124, Case No. 24-1641GC

32) Florida HMA Holdings, LLC/ Key West HMA, LLC d/b/a Lower Keys Medical Center, Provider No. 10-0150, Case No. 24-1641GC

33) Naples HMA, LLC d/b/a Physicians Regional Medical Center - Pine Ridge, Provider No. 10-0286, Case No. 24-1641GC

34) East Georgia Regional Medical Center, LLC, Provider No. 11-0075, Case No. 24-1641GC

35) Biloxi HMA, LLC d/b/a Merit Health Biloxi, Provider No. 25-0007, Case No. 24-1641GC

36) Poplar Bluff Regional Medical Center, LLC d/b/a Poplar Bluff Regional Medical Center, Provider No. 26-0119, Case No. 24-1641GC

37) Las Cruces Medical Center, LLC d/b/a Mountain View Regional Medical Center, Provider No. 32-0085, Case No. 24-1641GC

38) Kay County Oklahoma Hospital Company LLC d/b/a AllianceHealth Ponca City, Provider No. 37-0006, Case No. 24-1641GC

39) Wilkes-Barre Hospital Company LLC d/b/a Wilkes-Barre General Hospital, Provider No. 39-0137, Case No. 24-1641GC

40) Scranton Hospital Company LLC d/b/a Regional Hospital of Scranton, Provider No. 39-0237, Case No. 24-1641GC

41) Jefferson County HMA, LLC d/b/a Tennova Healthcare Jefferson Memorial Hospital, Provider No. 44-0056, Case No. 24-1641GC

42) Metro Knoxville HMA, LLC d/b/a Tennova Healthcare North Knoxville Medical Center, Provider No. 44-0120, Case No. 24-1641GC

43) Piney Woods Healthcare System, L.P. d/b/a Woodland Heights Medical Center, Provider No. 45-0484, Case No. 24-1641GC

44) La Porte Hospital Company, LLC d/b/a Northwest Health - La Porte, Provider No. 15-0006, Case No. 24-1641GC

45) Porter Hospital, LLC d/b/a Northwest Health – Porter, Provider No. 15-0035, Case No. 24-1641GC

46) Knox Hospital Company, LLC d/b/a Northwest Health – Starke, Provider No. 15-0102, Case No. 24-1641GC

47) Guthrie Lourdes Hospital, Provider No. 33-0011, Case No. 24-1640GC

48) Highland Hospital of Rochester a/k/a Highland Hospital, Provider No. 33-0164, Case No. 24-1567GC

49) Nicholas H. Noyes Memorial Hospital a/k/a Noyes Memorial Hospital, Provider No. 33-0238, Case No. 24-1567GC

50) Strong Memorial Hospital, a division of the University of Rochester, Provider No. 33-0285, Case No. 24-1567GC

35.    In the Second EJR decision, the PRRB also granted the request for EJR by those providers affected by the substantive claim aspect of the decision to challenge the lawfulness and applicability of the Secretary's substantive claim regulations.

36.    Between the two decisions, in sum, the PRRB granted EJR as to all of the providers in the following group appeals:

a. 24-1468GC - Cottage Health FFY 2024 Unlawful Rural Floor & Rural Floor Budget Neutrality Factor CIRP Group;

b. 24-1469GC - CoxHealth FFY 2024 Unlawful Rural Floor & Rural Floor Budget Neutrality Factor CIRP Group;

c. 24-1472GC - Sharp Healthcare FFY 2024 Unlawful Rural Floor & Rural Floor Budget Neutrality Factor CIRP Group;

d.  24-1474GC - Lee Memorial FFY 2024 Unlawful Rural Floor & Rural Floor Budget Neutrality Factor CIRP Group;

e.  24-1563GC - Tufts Medicine FFY 2024 Unlawful Rural Floor & Rural Floor Budget Neutrality Factor CIRP Group;

f.  24-1575GC - Catholic Health FFY 2024 Unlawful Rural Floor & Rural Floor Budget Neutrality Factor CIRP Group;

g.  24-1604GC - UNC Health FFY 2024 Unlawful Rural Floor & Rural Floor Budget Neutrality Factor CIRP Group;

h.  24-1623GC - Sarasota Mem Health FFY 2024 Unlawful Rural Floor & Rural Floor Budget Neutrality Factor CIRP Group;

i.  24-1643G - Greenbaum, Rowe, Smith FFY 2024 Unlawful Rural Floor & Rural Floor Budget Neutrality Factor Group;

j.  24-1647GC - ScionHealth FFY 2024 Unlawful Rural Floor & Rural Floor Budget Neutrality Factor CIRP Group;

k.  24-1567GC - Univ of Rochester FFY 2024 Unlawful Rural Floor & Rural Floor Budget Neutrality Factor CIRP Group;

l.  24-1577GC - ECU Health FFY 2024 Unlawful Rural Floor & Rural Floor Budget Neutrality Factor CIRP Group;

m.  24-1579GC - Centra Health FFY 2024 Unlawful Rural Floor & Rural Floor Budget Neutrality Factor CIRP Group;

n.  24-1588GC - Providence Health FFY 2024 Unlawful Rural Floor & Rural Floor Budget Neutrality Factor CIRP Group;

o.  24-1614GC - Ardent Health FFY 2024 Unlawful Rural Floor & Rural Floor Budget Neutrality Factor CIRP Group;

p.  24-1618GC - Health First FFY 2024 Unlawful Rural Floor & Rural Floor Budget Neutrality Factor CIRP Group;

q.  24-1640GC - Guthrie Clinic FFY 2024 Unlawful Rural Floor & Rural Floor Budget Neutrality Factor CIRP Group;

r.  24-1642G - Greenbaum, Rowe, Smith FFY 2024 Unlawful Rural Floor & Rural Floor Budget Neutrality Factor Group;

s. 24-1641GC - CHS FFY 2024 Unlawful Rural Floor & Rural Floor Budget Neutrality Factor CIRP Group.

37.     This action is being filed within 60 days of the date on which the Hospitals received notification of the PRRB's EJR decisions.

38.     The Secretary's application of the RFBNF and the Rural Floor is unlawful; he has exceeded his statutory authority; and he has acted arbitrarily, capriciously, and abused his discretion in calculating the Hospitals' FFY 2024 wage index adjustments and related reimbursement, resulting in the Hospitals' wage index adjustments and related reimbursement being less than required by law. The Hospitals bring this suit to have this Court order the Secretary to calculate lawfully and properly the Hospitals' wage index adjustments and Medicare reimbursement.

## V.    ASSIGNMENT OF ERRORS

### A.    RFBNF and the Rural Floor

39.     By statute, the Hospitals must be excluded from the application of the RFBNF. The Secretary has not done so.

40.     In calculating each of the Hospitals' wage indexes for the time-period at issue here, the Secretary applied the RFBNF to the Hospitals, either directly or through a claimed iterative process, resulting in a lower wage index and lower Medicare reimbursement than each of the Hospitals is entitled to under the Medicare Act.

41.     In a legal brief (attached as Exhibit 3) filed in *St. Mary Medical Center v. Becerra*, 581 F. Supp. 119 (D.D.C. 2022), the Secretary agrees that:

> Section 4410(b) provides that only hospitals 'not described in' Section 4410(a) are subject to the budget neutrality adjustment. On the Secretary's interpretation, a hospital is 'described in' Section 4410(a) if its wage index is raised to the rural floor by that subsection. Section 4410(a) therefore describes low-wage urban hospitals...

Secretary's Reply Brief in Support of Summary Judgment at 2.

42.     Despite this acknowledgement, the Secretary is misinterpreting and misapplying the Rural Floor and the RFBNF, and thereby unlawfully lowering the wage indexes of low wage index urban hospitals that are exempted from the application of the RFBNF, including the Hospitals.

43.     In the past, the Secretary has explained the agency's position as follows: "One possible interpretation of section 4410(b) is that the budget neutrality adjustment would be applied only to those hospitals that do not receive the rural floor," (*i.e.* rural hospitals and high wage index urban hospitals). FFY 2008 IPPS Final Rule, 72 Fed. Reg. 47,130 (Aug. 22, 2007). "In other words, the wage index of an urban hospital subject to the rural floor would be increased to the level of the rural wage index in the same State, but would not be adjusted for budget neutrality." *Id.* The Secretary claimed that such an application of the statute "would not be in accordance with Congressional intent" because the intent of Congress was "not to pay urban hospitals a wage index higher than the wage index applicable to rural hospitals." *Id.*

44.     The Secretary claimed that an "apparent contradiction" would result from "raising an urban hospital's wage index to the rural floor and not applying budget neutrality to its wage index" because that would result in low wage index urban hospitals having a higher wage index than rural hospitals. *Id.* Thus, the Secretary reads Section 4410 "to allow an iterative calculation of budget neutrality and wage indices." *Id.* Under the Secretary's iterative calculation creation, the Secretary "raise[s] the wage index for [low wage index] urban hospitals to the level of the pre-budget neutrality rural wage index." *Id.* The Secretary then "adjust[s] the wage index for all nonrural floor hospitals" – that is, for rural hospitals and high wage urban hospitals that do not receive the Rural Floor – "to achieve budget neutrality." *Id.*

45.     If the Secretary stopped there, the agency would be in full compliance with Section 4410. The Secretary, however, does not stop at this point of compliance with Section 4410.

46.     Instead, the Secretary then "decrease[s] [the] wage indices for the rural floor hospitals so they are equal to the adjusted rural wage index in the same State." *Id.* This decrease results in payments being "less in the aggregate than they were prior to applying the rural floor," which the Secretary claims Section 4410 forbids. *Id.* To address this purported statutory violation, the Secretary then calculates "a new budget neutrality adjustment…to raise the wage indices and total payments for rural hospitals and nonrural floor [*i.e.* high-wage] urban hospitals." *Id.* This then necessitates raising the "wage index for rural floor hospitals…to the level of the State's rural wage index," based on the Secretary's recalculation of that rural wage index. *Id.* This causes aggregate payments to be *greater* than they would be in the absence of the Rural Floor, which the Secretary attempts to resolve by beginning his iterative cycle anew. Budget neutrality is recalculated, which reduces the wage index of rural and high-wage urban hospitals. The wage index for low wage index urban hospitals is lowered to the newly created Rural Floor.  Budget neutrality is calculated again, increasing the wage indexes of rural and high-wage urban hospitals. The wage index for low-wage urban hospitals is raised to the newly created Rural Floor. Budget neutrality is recalculated, which reduces the wage index for rural and high-wage urban hospitals. And on and on, until the iterative changes approach zero additional change. *Id.*

47.     The Secretary has "determined that the iterative method is substantially equivalent to simply adjusting all area wage indices by a uniform percentage," and therefore simply applies a uniform decrease to all hospitals' wage indexes to achieve budget neutrality. *Id.* at 47,325. Thus, the Secretary applies a budget neutrality factor to every hospital – including low wage index urban hospitals, which the Secretary agrees are supposed to be entirely exempted from the RFBNF.

48.     No matter what the Secretary calls the action of the agency, it is unlawful because it violates Section 4410(b). Once the Secretary sets the Rural Floor in each state, as required by Section 4410(a), the wage index of other hospitals (*i.e.*, rural hospitals and non-Rural Floor urban hospitals) must be reduced through the application of Section 4410(b), but the Secretary may not reduce the wage index of the low wage index urban hospitals that receive the Rural Floor.

### B.     The Secretary's Substantive Claim Regulations

49.     Separate and apart from the RFBNF and Rural Floor issue, the PRRB also held that certain of the Providers in the appeals did not include in their cost reports "an appropriate claim" for the RFBNF and Rural Floor issue pursuant to 42 C.F.R § 413.24(j)(1).

50.     42 C.F.R. § 413.24(j) provides that as a condition to be paid for an item, a hospital must either: (a) claim the item on the cost report; or (b) if the Secretary's policies do not allow payment for the item, protest the item with the cost report filing. The Secretary's regulations state that a "proper" protest requires a hospital to: identify the item being protested, explain the basis for the challenge to the protested item, and provide an estimate of the reimbursement impact of the protested item. Id.

51.     The Secretary has attempted repeatedly to restrict unlawfully the statutory appeal rights of providers. The substantive claim regulations are the latest iteration of those efforts.

52.     For years, the Secretary required providers to present all claims to the MAC on the cost report, even if the MAC did not have the authority to make payment on the claims. The Secretary asserted that this was required to show that the provider was dissatisfied with the amount of program reimbursement. In *Bethesda Hosp. Ass'n v. Bowen*, 485 U.S. 399 (1988), the Supreme Court rejected the Secretary's interpretation of the Medicare Act and appeal requirements. The Supreme Court explained that the Secretary's "strained" interpretation was "inconsistent with the

express language of the statute." *Id.* at 404. The Court held that it would be futile for a provider to present nonallowable claims to the MAC and that "[n]o statute or regulation expressly mandates that a challenge to the validity of a regulation be submitted first to the [MAC]." *Id.*

53.     Undeterred by the Supreme Court decision, in 2008 the Secretary adopted a regulation requiring providers to present nonallowable claims to the MAC as a condition of the provider having a right to a Board hearing. 42 C.F.R. § 405.1835(a)(1)(ii) (repealed). The PRRB was required to dismiss a provider's appeal if the provider did not follow what was generally referred to as the self-disallowance rule. This regulation was held invalid by the federal District Court for the District of Columbia. *Banner Heart Hosp. v. Burwell*, 201 F. Supp. 3d 131 (D.D.C. 2016). The court ruled that based on *Bethesda*, the self-disallowance rule could not be applied to appeals raising a challenge to a regulation or policy that the MAC did not have the authority to address. *Id.* at 142.

54.     The Secretary has purported to acquiesce to the *Banner* decision, but has adopted the substantive claim regulations set forth at 42 C.F.R. §§ 413.24(j) and 405.1873 in an effort to accomplish the same unlawful end result. The substantive claim regulations do not preclude a hospital from pursuing a PRRB appeal, but purport to prevent the PRRB from granting reimbursement for items not claimed or protested on the cost report. Section 413.24(j)(5) provides that a "reviewing entity" such as the PRRB "may only permit reimbursement for the specific item under appeal solely to the extent authorized by § 405.1873(f)." Section 405.1873(f)(1)(ii) provides that an appeal item "is not reimbursable" if the PRRB makes the factual finding that the hospital "[d]id not include an appropriate cost report claim for the specific item under appeal."

55.     The Secretary's substantive claim regulations are invalid because they are contrary to law and to Supreme Court precedent. The Supreme Court stated in *Bethesda* that no provision

of law grants the Secretary the authority to promulgate a self-disallowance requirement, which the substantive claim regulations are, despite their window dressing. *See Bethesda*, 485 U.S. at 404. To the extent the *Bethesda* decision left any room for the Secretary to maneuver around the clear statutory requirements – and the Providers do not believe the Supreme court left any such room – the *Banner* case made clear that the Secretary had no such authority to do so.

56. The PRRB's statutory authority under 42 U.S.C. § 1395oo(d) provides that in deciding whether to affirm, modify, or reverse the intermediary's decision, the Board can "make any other revisions on matters covered by such cost report . . . even though such matters were not considered by the intermediary in making such final determination." *Bethesda*, 485 U.S. at 405–06. "Under this statutory scheme, requiring submission of the regulatory challenge to the fiscal intermediary is quite unnecessary." *Id.* at 407. As the Supreme Court explained in *Bethesda* regarding § 1395oo(d), "[t]he only limitation prescribed by Congress is that the matter must have been 'covered by such cost report,' that is, a cost or expense that was incurred within the period for which the cost report was filed, even if such cost or expense was not expressly claimed." *Id.* at 406. The Secretary cannot circumvent § 1395oo(d) or the Supreme Court's decision in *Bethesda* through mechanisms like the substantive claim regulations.

57. The substantive claim regulations are a direct and unlawful attack on the PRRB's statutory authority to decide a provider's dissatisfaction with "the amount of total program reimbursement due the provider." 42 U.S.C. § 1395oo(a)(1)(A)(i). The Secretary may not by regulation usurp or restrict the specific statutory authority that Congress has given the PRRB.

58. Section 413.24(f)(5) provides that the PRRB, "may only permit reimbursement for the specific item under appeal solely to the extent authorized by § 405.1873(f)." Section 405.1873(f)(1)(ii) purports to prevent the PRRB from reimbursing a provider if the provider "[d]id

not include an appropriate cost report claim for the specific item under appeal…regardless of whether the Board further determines in such final hearing decision that the other substantive reimbursement requirements for the specific item are … satisfied." These two regulatory provisions expressly preclude the PRRB from using the statutory powers granted by Congress. By imposing an extra-statutory limitation—namely, a prohibition on the PRRB's power to compel payment of costs or claims not presented in a cost report – the substantive claim regulations unlawfully prohibit the PRRB from using its statutory power to compel the Secretary to make payment.

59.    When promulgating the regulation at 42 C.F.R. §§ 413.24(j) and 405.1873 the Secretary failed to justify this break from the statute. *See* 80 Fed. Reg. 70298, 70551–65, 70603–04 (Nov. 13, 2015). The Secretary cited general grants of authority under the Medicare statute, but nothing that allows the Secretary to use general payment rules to supersede the express appeal authority at 42 U.S.C. § 1395oo or to defy the Supreme Court.

60.    The Secretary relied on factors that Congress has not intended him to consider and "entirely failed to consider an important aspect of the problem," and therefore the regulations are "arbitrary and capricious," as well as an abuse of discretion, and must be set aside under the APA. *See Motor Veh. Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).

### COUNT ONE
### <u>Violation of the Medicare Statute and the Administrative Procedure Act</u>
### RFBNF and Rural Floor
### HHS's Regulatory Scheme is Contrary to Law

61.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

62.     Under the APA, a reviewing court shall hold unlawful and set aside agency action, findings, and conclusions found to be not in accordance with law, or in excess of statutory jurisdiction, authority, or limitations, or short of statutory right. 5 U.S.C. § 706(2)(A) and (C).

63.     The Secretary's methodology for calculating the Hospitals' wage indexes and related reimbursement is unlawful. As set forth in the preceding paragraphs, the Secretary did not calculate the Hospitals' wage indexes for the time-period at issue consistent with the statutory requirements of the RFBNF and the Rural Floor.

64.     The Secretary was (and is) required to exclude the Hospitals from the application of the RFBNF. The Secretary did not do so.

65.     Because the Secretary used an unlawful methodology when calculating the Hospitals' wage indexes, each Hospital's wage index and Medicare reimbursement for FFY 2024 is less than required by law.

**COUNT TWO**
**Violation of the Medicare Statute and Administrative Procedure Act**
**RFBNF and Rural Floor**
**HHS's Regulatory Scheme is Arbitrary, Capricious, and an Abuse of Discretion**

66.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

67.     Under the APA, a reviewing court shall hold unlawful and set aside agency action, findings, and conclusions that are arbitrary, capricious, or an abuse of discretion. 5 U.S.C. § 706(2)(A). The Secretary's methodology for calculating the Hospitals' wage indexes and related reimbursement is arbitrary, capricious, and an abuse of discretion.

68.     As set forth in the preceding paragraphs, the Secretary did not calculate the Hospitals' wage indexes for the time-period at issue consistent with the statutory requirements of the RFBNF and the Rural Floor.

69.     The Secretary was (and is) required to exclude the Hospitals from the application of the RFBNF. The Secretary did not do so.

70.     Because the Secretary used a methodology when calculating the Hospitals' wage indexes that was arbitrary, capricious, and an abuse of discretion, each Hospital's wage index and Medicare reimbursement for FFY 2024 is less than it is required to be.

**COUNT THREE**
**Violation of the Medicare Statute and Administrative Procedure Act**
**Substantive Claim Regulations**
**HHS's Regulatory Scheme is Contrary to Law**

71.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

72.     Under the APA, a reviewing court shall hold unlawful and set aside agency action, findings, and conclusions found to be not in accordance with law, or in excess of statutory jurisdiction, authority, or limitations, or short of statutory right. 5 U.S.C. § 706(2)(A) and (C).

73.     The substantive claim regulations, including the regulations at 42 C.F.R. § 405.1873 and 42 C.F.R. § 413.24(j), purport to deprive the PRRB of its statutory authority and prevent the PRRB from determining the amount of total reimbursement due providers by imposing a protest requirement which, if providers are found not to have complied, results in the specific item being "not reimbursable, regardless of whether the Board further determines in such final hearing decision that the other substantive reimbursement requirements for the specific item are or are not satisfied." 42 C.F.R. § 405.1873(f)(1)(ii). The substantive claim regulations would also prevent a reviewing court from ordering payment if there is no protested item claim made, which is contrary to provisions in 42 U.S.C. § 1395oo(f) that afford a provider the right to obtain judicial review of the Board's determination on total reimbursement due the provider or on any action resulting from a Board grant of EJR.

74.     By imposing the protest requirement as a condition of payment, the substantive claim regulations violate the Medicare statute by purporting to remove the PRRB's statutory authority to decide a provider's dissatisfaction with "the amount of total program reimbursement due the provider." *See* 42 U.S.C. § 1395oo(a)(1)(A)(i) and to deny providers proper payment for such errors. The Secretary does not have the authority to do that.

**COUNT FOUR**
**Violation of the Medicare Statute and Administrative Procedure Act**
**Substantive Claim Regulations**
**HHS's Regulatory Scheme is Contrary to Law**

75.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

76.     Under the APA, a reviewing court shall hold unlawful and set aside agency action, findings, and conclusions that are arbitrary, capricious, or an abuse of discretion. 5 U.S.C. § 706(2)(A).

77.     The substantive claim regulations, including the regulations at 42 C.F.R. §§ 413.24(j) and 405.1873, are arbitrary and capricious and an abuse of discretion and therefore are invalid. 5 U.S.C. § 706(2).

78.     Congress granted clear and broad authority to the PRRB to decide all issues that are timely appealed to the PRRB and that are related to "the amount of the total program reimbursement due the provider." 42 U.S.C. §§ 1395oo(a)(1)(A)(i), 1395oo(f). The Secretary's substantive claim regulations purport to deprive the PRRB of its statutory authority and prevent the PRRB from deciding the amount of total program reimbursement due the provider, and to deny providers proper payment for such errors.

79.     When promulgating the regulation at 42 C.F.R. §§ 413.24(j) and 405.1873 the Secretary failed to justify this break from the statute. *See* 80 Fed. Reg. 70298, 70551–65, 70603–

04 (Nov. 13, 2015). The Secretary cited general grants of authority under the Medicare statute, but nothing that allows the Secretary to use general payment rules to supersede the express appeal authority at 42 U.S.C. § 1395oo or to defy the Supreme Court.

80.      Because the Secretary relied on factors that Congress has not intended him to consider and "entirely failed to consider an important aspect of the problem," the substantive claim regulations are "arbitrary and capricious," as well as an abuse of discretion, and must be set aside under the APA. *See State Farm*, 463 U.S. at 43.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs request an Order:

1.      Declaring unlawful the Secretary's methodologies for applying the RFBNF and calculating the Rural Floor;

2.      Enjoining the Secretary from applying those methodologies when calculating Plaintiffs' wage indexes for FFY 2024 and all other time-periods.

3.      Declaring that the Secretary's substantive claim regulations at 42 C.F.R. §§ 413.24(j) and 405.1873, which purport (a) to deny the authority of the PRRB and the federal courts to decide appeals of issues that are related to the total Medicare program reimbursement paid to providers for issues that are not protested or claimed by providers on the cost report and (b) deny providers proper payment for such issues, are unlawful and vacated, and do not apply to the Plaintiffs that were determined by the PRRB to have not complied with the substantive claim regulations.

4.      Directing the Secretary (a) to recalculate the Plaintiffs FFY 2024 wage indexes and related reimbursement in a manner consistent with the Court's Order and the Medicare Act, and (b) to make payment within ninety days to Plaintiffs of additional amounts owed Plaintiffs, including interest calculated in accordance with 42 U.S.C. § 1395oo(f)(2).

5.      Requiring the Secretary to pay all legal fees and costs of suit incurred by Plaintiffs.

6.      Granting such other relief as the Court deems just and proper.


Dated: August 10, 2025


Respectfully submitted,

/s/ Joseph D. Glazer                              /s/ James A Robertson
Joseph D. Glazer (Bar No. 1007072)       James A. Robertson
Glazer Law PLLC                                    *Pro Hac Vice Motion Forthcoming*
405 5th Avenue S                       Greenbaum, Rowe, Smith & Davis, LLP
Second Floor                                         75 Livingston Avenue
Naples, Floria 34102                               Roseland, New Jersey 07068
Telephone: (609) 651-2780                      Telephone: (973) 577-1784
jdg@jdglazerlaw.com                            jrobertson@greenbaumlaw.com


                                                        /s/ John W. Kaveney
                                                        John W. Kaveney
                                                        *Pro Hac Vice Motion Forthcoming*
                                                        Greenbaum, Rowe, Smith & Davis, LLP
                                                        75 Livingston Avenue
                                                        Roseland, New Jersey 07068
                                                        Telephone: (973) 577-1784
                                                        jkaveney@greenbaumlaw.com


*Attorneys for Plaintiffs*